# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-341V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| ADRIAN CHANDERDAT, | \* | |
| | \* | |
| Petitioner, | \* | Filed: September 1, 2015 |
| | \* | |
| v. | \* | |
| | \* | Entitlement; Varicella Vaccine; |
| SECRETARY OF HEALTH | \* | Disseminated Varicella; Conceded; |
| AND HUMAN SERVICES, | \* | Respiratory Failure; Polyneuropathy |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*John R. Howie, Jr.*, Howie Law, P.C., Dallas, TX, for Petitioner.

*Ann D. Martin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## RULING FINDING ENTITLEMENT[1]

On April 2, 2015, Adrian Chanderdat filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioner alleges that he suffered from a disseminated varicella zoster infection with interstitial pneumonitis and post-inflammatory pulmonary fibrosis resulting in respiratory failure and a lower extremity poly-neuropathy as a result of receiving the varicella vaccine on July 25, 2012. *Id.*

In her Rule 4(c) Report, Respondent acknowledged that the Petitioner's claim is compensable under the Act. Resp't's Rule 4(c) Report, dated Aug. 24, 2015 (ECF No. 12).

---

[1] Because this ruling contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole ruling will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

Respondent specifically stated that the Division of Vaccine Injury Compensation (DVIC), Department of Health and Human Services, has reviewed the petition and accompanying documents filed in this case, as well as the relevant medical literature regarding disseminated varicella infection and concluded that a preponderance of evidence establishes that the injuries Petitioner claims in the petition were caused-in-fact by the administration of his July 25, 2012, varicella vaccine, and that these injuries are not due to factors unrelated to the administration of the vaccine. *Id.* at 4-5. Additionally, the Rule 4(c) Report acknowledges that Petitioner has satisfied all the other legal prerequisites for compensation under the Vaccine Act. *Id.* at 5. Respondent therefore concludes that Petitioner is entitled to an award of damages. *Id.*

In view of Respondent's concession, and based on my own review of the record (*see* § 300aa-13(a)(1); 42 C.F.R. § 100.3 (a)(I)), I find that Petitioner is entitled to compensation for an injury that was caused-in-fact by a covered vaccine. 42 C.F.R. §§ 100.3(a)(XIV), 100.3(b)(2). A separate damages order will issue shortly.

Any questions may be directed to my law clerk, Ashley Yull, at (202) 357-6391.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master